[Civil No. 2808. Filed January 14, 1929.]

[273 Pac. 536.]

C. L. WALMSLEY, Appellant, v. HUGH E. LAIRD, S. J. CARTER, T. A. BAILEY, J. B. FLUMER-FELT, R. J. HIGHT and D. BAIRD, as Members and Constituting the Common Council of the Town of Tempe, a Municipal Corporation, Appellees.

Mr. Lloyd J. Andrews, for Appellant.

Messrs. Stockton & Perry, for Appellees.

LOCKWOOD, C. J.—C. L. Walmsley, as a taxpayer and resident of the town of Tempe, commenced this action to enjoin the governing body of that town from calling an election of the property taxpayers upon the question of whether or not $40,000 in bonds should be issued by the town for the purpose of

acquiring an additional water supply. A general demurrer to the complaint was sustained, and, plaintiff declining to amend, judgment was entered against him.

The question involved is one of law only, being the proper application to the situation of section 8, art. 9, of the Arizona Constitution, which reads as follows:

"Section 8. No county, city, town, school district, or other municipal corporation shall for any purpose become indebted in any manner to an amount exceeding four per centum of the taxable property in such county, city, town, school district, or other municipal corporation, without the assent of a majority of the property taxpayers, who must also in all respects be qualified electors, therein voting at an election provided by law to be held for that purpose, the value of the taxable property therein to be ascertained by the last assessment for state and county purposes, previous to incurring such indebtedness; except, that in incorporated cities and towns assessments shall be taken from the last assessment for city or town purposes: ''Provided, that under no circumstances shall any county or school district become indebted to an amount exceeding ten per centum of such taxable property, as shown by the last assessment roll thereof; and provided, further, 'that any incorporated city or town, with such assent, may be allowed to become indebted to a larger amount, but not exceeding fifteen per centum additional, for supplying such city or town with water, artificial light, or sewers; when the works for supplying such water, light, or sewers are or shall be owned and controlled by the municipality.' "

It appears from the complaint that the town of Tempe has an assessed valuation of $1,213,110, and that its present indebtedness, all of which was incurred with the assent of the taxpaying electors, is $224,000, represented by three different issues of municipal bonds, the first being for the purpose of paving street intersections, of which $86,000 is still

outstanding, the second for the purpose of supplying the town with electric light, of which $120,000 is still outstanding, and the third for the purpose of acquiring sewer improvement bonds, of which $18,000 is still outstanding. It is the contention of plaintiff that the $40,000 in bonds proposed to be issued will cause the constitutional indebtedness of the town of Tempe to be exceeded.

We have had the section of the Constitution above quoted under consideration in the case of *Buntman* v. *City of Phoenix*, 32 Ariz. 18, 255 Pac. 490. Therein we held that the indebtedness of a municipal corporation in the state of Arizona was by the Constitution divided into two classes: First, when the indebtedness was authorized by a vote of the taxpaying electors for the purpose of supplying the municipality with water, light, and sewers, in which case the limitation was fifteen per centum of the assessed valuation, and, second, where the indebtedness was incurred for any other purpose or in any other manner, where the limitation was four per centum of the assessed valuation, and that the two classes of indebtedness were entirely separate and distinct, so that the indebtedness incurred under one class was not to be considered in determining whether the limitation placed by the Constitution on the other class had been exceeded.

Applying this rule of law in the present case to the complaint, which for the purpose of the appeal must be considered as stating the facts, we find as follows: The town of Tempe has outstanding $120,000 in bonds authorized by the taxpaying electors for the purpose of supplying the town with light, and $18,000 in bonds which, although by a circuitous proceeding, were authorized in the same manner and for the purpose of supplying the town with sewers. The bonds issued for paving street intersections, whatever may be their classification, certainly do not fall within water, light, and sewer class, and therefore are not to be con-

sidered in deciding whether the fifteen per centum indebtedness allowed for the last-named purposes has been exceeded.

There is, therefore, a total of $138,000 in bonds outstanding, belonging to the class where the limitation is fifteen per centum of the assessed valuation. The town of Tempe is authorized by the Constitution to become indebted under its present property valuation when such indebtedness is approved by a vote of its taxpaying electors, in the sum of $181,966.50 for water, light, and sewers. It is now indebted for these purposes in the sum of $138,000. It may, therefore, incur a further indebtedness of $43,966.50 for water, light, or sewer purposes, if approved by the taxpaying electors, without exceeding its constitutional limitations. Since the proposed bond issue for water purposes was only for the sum of $40,000, the court properly held that the constitutional objections set up by plaintiff did not apply.

The judgment of the superior court of Maricopa county is affirmed.

McALISTER and ROSS, JJ., concur.